JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE VISTA EQUITIES, LLC, | CASE NO. CV 15-7189 FMO (ASx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION** |
| YAEL EVEN, et al., | |
| Defendants. | |

## INTRODUCTION

On September 11, 2015, defendant Rebecca Stephens ("defendant"), having been sued by Eagle Vista Equities, LLC ("plaintiff") in what appears to be a routine unlawful detainer action in California state court, filed a Notice of Removal of that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Notice of Removal of Action ("NOR") at ¶ 5).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119

1  S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H
2  Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).
3      In general, "any civil action brought in a State court of which the district courts of the United
4  States have original jurisdiction, may be removed by the defendant or the defendants, to the
5  district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that
6  removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong
7  presumption against removal jurisdiction means that the defendant always has the burden of
8  establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The
9  Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-
10  canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there
11  is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those
12  doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal
13  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").
14  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter
15  jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners
16  Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter
17  jurisdiction may not be waived, and, indeed, we have held that the district court must remand if
18  it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal.
19  2009) (a district court may remand an action where the court finds that it lacks subject matter
20  jurisdiction either by motion or sua sponte).

21  **DISCUSSION**

22      The court's review of the NOR and the attached state court Complaint makes clear that this
23  court does not have diversity jurisdiction over the instant matter. In other words, plaintiff could not
24  have originally brought this action in federal court, as plaintiff does not competently allege facts
25  supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a);
26  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court
27  actions that originally could have been filed in federal court may be removed to federal court by
28  the defendant.") (footnote omitted).

With respect to diversity jurisdiction, defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[1] The complaint unambiguously states that "demand does not exceed $10,000[.]" (See NOR, Exh. 1 (Complaint)).

To the extent, defendant seeks to invoke the court's federal question jurisdiction, it too fails since the state court complaint contains a single cause of action for unlawful detainer. (See Complaint). The state court complaint discloses no federal statutory or constitutional question. (See, generally, id.); see also Wescom Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); see also Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint," where "[t]he Complaint contains a single cause of action for unlawful detainer.").

In short, there is no subject matter jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

---

[1] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 300 East Walnut Street, Pasadena, California 91101, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 23rd day of September, 2015.

                                                      /s/
                                  Fernando M. Olguin
                                United States District Judge